# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CLAUDE KOONTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV891 JCH |
| | ) | |
| MERCY MEDICAL CENT./HOSP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is a motion by plaintiff to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. After reviewing the relevant financial information, the Court will grant plaintiff's request. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). To state a viable claim for relief, a civil rights plaintiff must plead facts, not conclusions, to support his causes of action. *E.g., Gregory v. Dillards, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009) (en banc). "A plaintiff must assert facts that affirmatively and

plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." *Id.* (quotations and citation omitted).

To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### The Complaint

Plaintiff, acting pro se, alleges that Mercy Medical Center and several of its employees violated his rights under the Fifth, Sixth, Eleventh and Fourteenth Amendments of the Constitution, as well as the Health Insurance Portability Act (HIPAA), and the Americans with Disabilities Act (ADA), during his recent stay in the Center's Behavioral Health Unit. He seeks monetary damages and prospective injunctive relief.

### Discussion

The Court will first address plaintiff's assertions that his rights have been violated under the Fifth, Sixth, Eleventh and Fourteenth Amendments of the Constitution.

Section 1983 provides the mechanism for enforcing rights secured by the Constitution and laws of the United States and does not confer any substantive rights. *Gonzaga University v. Doe,* 536 U.S. 273, 285 (2002). "Violation of a federal statute does not automatically give rise to a civil rights claim under § 1983. This is because in order to seek redress through § 1983, a plaintiff must assert violation of a federal right, not merely a violation of federal law." *Frison v. Zebro,* 339 F.3d 994, 998 (8th Cir.2003) (internal citations and quotation marks omitted). "Nothing short of a unambiguously conferred right will support a cause of action brought under

§ 1983." *Id.* at 999 (quoting *Gonzaga,* 536 U.S. at 283). "Where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Id.* at 286.

The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa,* 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff has not alleged that any of the named defendants were state actors, or acted at the time of the allegations in the complaint, "under color of state law." In fact, the Court presumes that the hospital employees were "private actors," as Mercy Hospital is a private company, which maintains its own behavioral health services. *See* Company Overview of Mercy Hospital St. Louis as reviewed on www.mercy.net/practice/mercy-hospital-st-louis and the corporate filings on Missouri Secretary of State's Website.

"Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Here, plaintiff fails to allege facts sufficient to give rise to the inference that any private party defendants came to a mutual understanding with any state actors to violate his constitutional rights. As such, none of the named defendants can be held liable for the constitutional claims at issue in this lawsuit.

As for plaintiff's allegations related to the ADA, the Court is unsure exactly what he is alleging under the statute. There is no doubt that as an entity that is open to the public, such as

3

the hospital, is required to be ADA compliant. However, plaintiff has not alleged that he is a "qualified individual with a disability," under the statute, and that he was excluded from benefits or services or in some way discriminated against by the hospital or its employees as a result of his disability. As such, the Court will dismiss the ADA claim as well.

Plaintiff's allegations also fail for the alleged HIPAA violations, as there is no private right of action for violations of HIPAA. *See, Bradford v. Blake,* 2006 WL 744307, *3 (E.D.Mo. March 23, 2006) ("Every court that has considered the issue, including this Court, has held that HIPAA does not create a private right of action for violations of the Act."); *Bradford v. Semar,* 2005 WL 1806344 (E.D.Mo. July 28, 2005); *Webb v. Missouri,* 2007 WL 805797, *2 (W.D.Mo.2007); *Acara v. Banks,* 470 F.3d 569, 571 (5th Cir.2006) ("[W]e are not alone in our conclusion that Congress did not intend for private enforcement of HIPAA. Every district court that has considered this issue is in agreement that the statute does not support a private right of action.").

To the extent plaintiff believes he has brought any state law claims, the Court declines to exercise jurisdiction over them. Generally, this Court only has jurisdiction to adjudicate claims based on either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331 & 1332. However, a "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one place." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 349 (1988); *see also* 28 U.S.C. § 1367. Upon a determination that plaintiffs' federal claims fail to state a claim, the Court has discretion to dismiss without prejudice plaintiffs' attendant state law claims. *See Miner v. Local 373,* 513 F.3d 854, 866 (8th Cir.2008). The Court, in its discretion, dismisses plaintiffs' state law

claims, should any exist, without prejudice. A separate Order of Dismissal in accordance with this Memorandum and Order is entered this same date.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff has brought any state law claims, the Court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of June, 2015.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE